## STRATTON v. NATURAL CARBONIC GAS CO.

### TRUST CO. OF AMERICA v. NATURAL CARBONIC GAS CO. et al.

(Circuit Court, S. D. New York. July 18, 1911.)

CORPORATIONS (§ 478*)—MORTGAGES—AFTER-ACQUIRED PERSONALTY.

    Under the rule of the federal courts, a mortgage given by a corporation covering real and personal property owned and to be acquired extends to personal property subsequently acquired and necessary to the mortgagor's business, as against general creditors.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1871; Dec. Dig. § 478;* Mortgages, Cent. Dig. §§ 208–289.]

In Equity. Suits by Charles G. Stratton against the Natural Carbonic Gas Company and by the Trust Company of America against the Natural Carbonic Gas Company, Charles G. Stratton, and Edward G. Benedict, receiver. On exceptions to report of special master. Overruled, and report confirmed.

Thomas & Oppenheimer, for complainant.

Morris & Plante, for defendant.

John Guyton Boston, for intervenor Trust Co. of America.

WARD, Circuit Judge. These are exceptions to the report of the special master holding that the lien of the defendant company's mortgage covering real and personal property acquired and to be acquired extended, as against general creditors, to certain gas tubes acquired after the mortgage was executed and delivered. These tubes were necessary to the mortgagor's business.

Sections 230 and 235 of the lien law of New York (Consol. Laws 1909, c. 33) make chattel mortgages void as against creditors unless they are filed and every year refiled. Section 231, however, relieves corporations from the duty of filing and refiling mortgages on their real and personal property as chattel mortgages. But the section does not profess to define, much less to expand, the lien of the mortgages. Therefore the question in this case is: Did the lien of the mortgage cover the tubes, as they were subsequently acquired, as against creditors?

The Court of Appeals of New York in New York Security & Trust Co. v. Saratoga Gas & Electric Co., 159 N. Y. 137, 53 N. E. 758, 45 L. R. A. 132, and in Zartman v. First National Bank, 189 N. Y. 267, 82 N. E. 127, 12 L. R. A. (N. S.) 1083, held that such mortgages did not cover subsequently acquired current funds or product of which the mortgagor had the absolute use and disposition. The reason is that such ownership is entirely inconsistent with the intention to give

a lien. However, in the general discussion of the subject in the Zartman Case, it seems to have been the view of the court that no afteracquired chattels are covered as against creditors, unless they are appropriated to the mortgagee, either by some act of the mortgagor or by the mortgagee's taking possession of them. See, also, MacDonnell v. Buffalo Co., 193 N. Y. 92, 104, 85 N. E. 801. Of course, between the parties the covenant conveys a good lien in equity. In the later case of People's Trust Co. v. Schenck, 195 N. Y. 398, 88 N. E. 647, 133 Am. St. Rep. 807, the lien of the mortgage was held to extend to after-acquired realty necessary to the company's business as against the lien of a judgment.

The federal courts have taken this broader view in Pennock v. Coe, 23 How. 117, 16 L. Ed. 436, followed in many subsequent cases as to both real and personal property. In it the lien of a mortgage was held to be superior to the execution of judgment creditors against rolling stock of a railroad company acquired after the mortgage was executed.

The exceptions are dismissed, and the report confirmed.